FILED

MAR 02 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: MICHAEL ERIC HEDLUND; STEPHANIE RAE HEDLUND, <br><br> Debtors, <br><br> ——————————————— <br><br> MICHAEL ERIC HEDLUND, <br><br> Appellant, <br><br> v. <br><br> PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, <br><br> Appellee. | No. 04-35806 <br><br> BAP No. OR 04-1103 KMaMo <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Klein, Marlar, and Montali, Bankruptcy Judges, Presiding

Argued and Submitted July 7, 2009
Portland, Oregon
Submission Vacated and Deferred July 8, 2009
Resubmitted February 5, 2010

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before:    PREGERSON, RYMER, and TASHIMA, Circuit Judges.

The essential question tendered for decision on this appeal is whether the bankruptcy court erred in holding that debtor Michael Hedlund's student loans were partially dischargeable under 11 U.S.C. § 523(a)(8), or the bankruptcy appellate panel ("BAP") erred in reversing the bankruptcy court and holding that Hedlund did not meet the dischargeability requirements of § 523(a)(8). We have jurisdiction pursuant to 28 U.S.C. § 158(d), and vacate and remand.

In his bankruptcy case, Hedlund attempted to discharge approximately $85,000 in student loans to finance his education at Willamette University law school.[1] Hedlund never passed the bar exam and was employed as a juvenile counselor for the Kalmath County Juvenile Department. The bankruptcy court found that requiring Hedlund to repay more than $30,000 of his student loans would impose an undue hardship on him and his dependents; it therefore discharged his student loan debts in excess of $30,000.

The creditor, Pensylvania Higher Education Assistance Agency appealed to the BAP, which reversed. The BAP held that it would not be unconscionable for

_____

[1]    Because the parties are familiar with the facts and prior proceedings in the case, we recite the facts only as necessary to aid in understanding our disposition.

Hedlund to eliminate a number of claimed expenses, including a new car payment, which would result in a monthly saving of $559. Hedlund timely appealed.

In assessing undue hardship in student loan cases, we have adopted the three-factor test from *Brunner v. N.Y. State Higher Educ. Serv. Corp. (In re Brunner)*, 46 B.R. 752, 753 (S.D.N. Y. 1985), *aff'd*, 831 F.2d 395 (2d Cir. 1987).

> Under the *Brunner* test, the debtor must prove that: (1) he cannot maintain, based on current income and expenses, a "minimal" standard of living for himself and his dependents if required to repay the loans; (2) additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period; and (3) the debtor has made good faith efforts to repay the loans.

*Educ. Credit Mgmt. Corp. v. Mason (In re Mason)*, 464 F.3d 878, 882 (9th Cir. 2006).

Under the first *Brunner* factor, the bankruptcy court did not sufficiently consider whether Hedlund could reduce his expenses to meet a greater portion of loan expenses; instead, it found only that Hedlund's expenses could not be reduced enough to support an $800/month loan repayment, the amount required for a total payoff. It further did not consider whether Hedlund could increase his income either by his taking on a part-time job or his wife working part time. Similarly, the bankruptcy court's consideration of the second and third factors under the *Brunner* test was incomplete. For example, the BAP found, not without justification, that

"the bankruptcy court was too charitable" in making its finding under the good faith prong. The BAP pointed out, *inter alia*, that the debtor and his wife have taken no steps to maximize their income, nor have they attempted to minimize their expenses, such as by eliminating "luxury items."

In these circumstances, we believe that the proper and equitable course is to remand this proceeding for the bankruptcy court to reconsider all of the evidence in light of the *Brunner* test,[2] and to make more complete findings on each of the three factors under the *Brunner* test so as to facilitate appellate review of whether Hedlund has met the "undue hardship" requirement of § 523(a)(8). Each party shall bear its own costs on appeal.

**VACATED and REMANDED** with instructions to remand to the bankruptcy court for further proceedings in accordance with this disposition.

---

[2] We leave to the bankruptcy court's discretion whether or not to reopen the record for the reception of further evidence on these issues.